UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. TROIE,<br><br>                    Plaintiff,<br><br>         v.<br><br>PEPSI-COLA BOTTLING COMPANY, et al.,<br><br>                    Defendants. | No. 2:15-cv-2631-MCE-KJN (PS)<br><br><br><br>ORDER |

Presently before the court is defendant Bottling Group, LLC's ("defendant") request to appear telephonically at the initial scheduling conference before the undersigned currently scheduled in this matter for April 28, 2016.  (ECF No. 12.)  Defendant asserts that the court should grant its request because its counsel is located in Los Angeles, therefore requiring a long trip to attend the initial scheduling conference in person.  (Id.)

While defendant's counsel's remote proximity to the court is a factor in favor of granting defendant's request, the undersigned finds that other circumstances militate in favor of having defendant's counsel appear at the initial scheduling conference in person and outweigh the burden the required travel would impose.  In particular, defendant has filed its own status report that does not appear to have been drafted with any input by plaintiff, thus indicating that having both parties physically present at the status conference would be beneficial to devising the details of a

1  pretrial schedule that are mutually workable for both parties and the court. Furthermore,
2  defendant's status report proposes a rather detailed discovery plan. (See ECF No. 13 at 4.) Given
3  plaintiff's pro se status, the undersigned finds that having both parties physically present would
4  ensure that plaintiff is better informed of how the pretrial proceedings in this matter will be
5  conducted and will ease and potetntially expedite the administration of that process. Finally, the
6  most recent amendment to Federal Rule of Civil Procedure 16 indicates a preference for having
7  the court and the parties engage in direct simultaneous communication during a scheduling
8  conference, thus creating a greater desirability for having the conference conducted with all
9  parties appearing in person. See Fed. R. Civ. P. 16 advisory committee's note for 2015
10 amendment ("A scheduling conference is more effective if the court and parties engage in direct
11 simultaneous communication.").

12 Accordingly, IT IS HEREBY ORDERED that defendant's request for telephonic
13 appearance (ECF No. 12) is DENIED.

14 IT IS SO ORDERED.
15 Dated:  April 22, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2