UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. TROIE<br><br>Plaintiff,<br><br>v.<br><br>BOTTLING GROUP, LLC<br><br>Defendant. | No. 2:15-cv-2631-MCE-KJN PS<br><br><br>ORDER |

At the April 28, 2016 status conference, the court addressed case scheduling, and a pretrial scheduling order is issued separately.  However, the court also discussed various other miscellaneous issues and pending motions with the parties, which are addressed and resolved by this order.

Status of plaintiff's bankruptcy case

Plaintiff indicated that he filed a Chapter 13 bankruptcy case on March 22, 2016 to prevent a foreclosure sale/auction on his house.  (ECF No. 9.)  However, that bankruptcy case (Case No. 16-21784) was dismissed on April 4, 2016.  At the status conference, the parties confirmed that no bankruptcy stay was presently in place.

////

////

1

1    Naming of proper defendant

2    As reflected in the parties' status reports (ECF Nos. 13, 16), and as stipulated to at the

3    status conference, Pepsi-Cola Bottling Company was erroneously named as a defendant.  Instead,

4    the parties agree that the proper defendant is Bottling Group, LLC.

5    Plaintiff's motion for appointment of counsel

6    On April 11, 2016, plaintiff filed a motion for appointment of counsel.  (ECF No. 9.)  It is

7    "well-established that there is generally no constitutional right to counsel in civil cases."  United

8    States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Contrary to plaintiff's contention, the

9    ADA itself does not mandate the appointment of counsel for a civil plaintiff.  Furthermore, there

10   are no exceptional circumstances warranting the appointment of counsel in this case.  Although

11   the court is sympathetic to the difficulties faced by *pro se* litigants in litigating their own cases in

12   federal court, the court has extremely limited resources to appoint attorneys in civil cases.  Here,

13   plaintiff's claim is not unusually complex and can be reasonably prosecuted by a *pro se* plaintiff.

14   As such, plaintiff's motion for appointment of counsel is denied.

15   At the status conference, plaintiff indicated that he may be on the verge of retaining

16   counsel.  Although plaintiff has the right to represent himself in this action, the court strongly

17   encourages plaintiff to continue making efforts to obtain counsel, if he is able to do so.

18   Regardless of whether plaintiff is successful in obtaining counsel, plaintiff himself shall continue

19   to comply with all court orders, court deadlines, the court's Local Rules, and the Federal Rules of

20   Civil Procedure.[1]

21   Plaintiff's motion for a continuance

22   Plaintiff also filed a motion for an unspecified continuance, which appears to be related to

23   his motion for appointment of counsel.  (ECF No. 9.)  In light of the court's denial of the motion

24   for appointment of counsel, the court also denies the requested continuance, but without

25   prejudice.  If plaintiff successfully retains counsel, and plaintiff's counsel believes that a

26   particular case deadline should be extended, that counsel shall confer with defendant's counsel

27

28   _____
[1] A copy of the court's Local Rules can be obtained in person from the Clerk's Office or on the court's website.

2

1   and either (a) submit a stipulation and proposed order for the court's consideration, or (b) file a

2   motion to modify the scheduling order if defendant refuses to stipulate to the proposed extension.

3   <u>Plaintiff's request for the EEOC to turn over allegedly withheld charge documents</u>

4   Plaintiff contends that the EEOC withheld unspecified documents related to his

5   administrative charge of discrimination filed with the EEOC, and seeks an order that the EEOC

6   turn over such documents.  (ECF No. 9.)  Although plaintiff may be able to request or subpoena

7   relevant documents from the EEOC in the discovery process, the EEOC is not a party to this

8   lawsuit, and there appears to be no legal basis for plaintiff's requested order at this time.

9   Accordingly, plaintiff's request is denied.

10   <u>Plaintiff's motion for electronic filing privileges</u>

11   Plaintiff has also requested permission to file electronically.  (ECF No. 17.)  "Any person

12   appearing pro se may not utilize electronic filing except with the permission of the assigned Judge

13   or Magistrate Judge."  E.D. Cal. L.R. 133(b)(2).  Although electronic filing may be more

14   convenient, the Local Rules clearly contemplate that electronic filing privileges would not be

15   routinely granted to *pro se* litigants.  Here, plaintiff has articulated no specific basis for why an

16   exception should be granted in his case.  Indeed, plaintiff resides in Sacramento, California, in

17   relative proximity to the court.  Therefore, plaintiff's request for electronic filing privileges is

18   denied.

19   <u>Defendant's request for additional time to depose plaintiff</u>

20   Defendant requested advance authorization to have two days to depose plaintiff.  "Unless

21   otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.  The court

22   must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the

23   deponent or if the deponent, another person, or any other circumstance impedes or delays the

24   examination."  Fed. R. Civ. P. 30(d)(1).  At least at this time, defendant has not shown why a

25   variance from the Federal Rules of Civil Procedure is necessary.  The fact that plaintiff is

26   proceeding without counsel does not mean that plaintiff would necessarily impede or delay the

27   examination, or that defendant would not be able to fairly examine plaintiff in 7 hours.

28   Therefore, defendant's request is denied, but without prejudice to its renewal if the one day of

1    deposition testimony proves insufficient.  In that case, the parties may agree to additional time at

2    the deposition, or if the parties are unable to so agree, they may seek a telephonic conference with

3    the court for resolution of their dispute.

4           In accordance with the above, IT IS HEREBY ORDERED that:

5       1.   The sole named defendant in this action is defendant Bottling Group, LLC.  The Clerk

6            of Court shall terminate Pepsi-Cola Bottling Company as a defendant.

7       2.   Plaintiff's motion for appointment of counsel is DENIED.

8       3.   Plaintiff's motion for a continuance is DENIED without prejudice.

9       4.   Plaintiff's request for an order directing the EEOC to turn over certain charge

10           documents is DENIED.

11      5.   Plaintiff's motion for electronic filing privileges is DENIED.

12      6.   Defendant's request for additional time to depose plaintiff is DENIED without

13           prejudice.

14          IT IS SO ORDERED.  This order resolves ECF Nos. 9 and 17.

15   Dated:  April 28, 2016

16

17                                             _____
                                               KENDALL J. NEWMAN
18                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4