UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. TROIE, | No. 2:15-cv-2631-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| BOTTLING GROUP, LLC, | |
| Defendant. | |

In this action plaintiff, who proceeds without counsel and *in forma pauperis*, essentially alleges that he was unlawfully terminated by defendant while on medical leave from his position as a maintenance mechanic in violation of the Americans with Disabilities Act. (ECF Nos. 1, 3, 20.) After conducting a scheduling conference on April 28, 2016, the court issued a pretrial scheduling order on April 29, 2016. (ECF Nos. 18, 20.) The pretrial scheduling order required, *inter alia*, that initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) be made no later than May 16, 2016, and that discovery be completed by December 16, 2016. (ECF No. 20.) The order specifically cautioned that "[f]ailure to comply with the terms of this order may result in the imposition of monetary and all other appropriate sanctions, including dismissal or an order of judgment." (Id.)

////

1

Presently pending before the court is a motion to dismiss the action for discovery abuses and failure to prosecute, accompanied by various alternative motions to compel discovery responses, filed by defendant. (ECF Nos. 22-26.) According to the motions, plaintiff has failed to provide any initial disclosures, failed to respond to defendant's June 2016 written discovery requests, and failed to cooperate with respect to plaintiff's appearance for his anticipated July 2016 deposition, despite numerous attempts to meet and confer by defendant's counsel. In fact, the motions claim that plaintiff has ceased communicating with defendant's counsel altogether since June 2016. The motions were initially noticed pursuant to Local Rule 251 (pertaining to discovery motions) for a hearing on November 10, 2016.

On October 27, 2016, the court, in light of plaintiff's *pro se* status and the potentially dispositive effect of at least one of the motions, issued an order providing plaintiff with additional time to respond to defendant's motions. (ECF No. 27.) The order required plaintiff to file an opposition or statement of non-opposition to defendant's motions no later than November 10, 2016, and required defendant's reply brief to be filed no later than November 17, 2016. Plaintiff was expressly cautioned that failure to file an opposition or statement of non-opposition to the motions by the required deadline would be construed as a statement of non-opposition to the pending motions and as plaintiff's consent to dismissal of the action with prejudice. (Id.)

Although the applicable deadline has now long passed, plaintiff entirely failed to respond to defendant's motions or the court's order. On November 17, 2016, defendant filed a timely reply brief, noting plaintiff's failure to respond to the motions, and emphasizing that plaintiff has yet to provide any initial disclosures or responses to the written discovery, nor has plaintiff made any contact with defendant's counsel. (ECF No. 30.) In light of the above, and for the reasons discussed below, the court finds that dismissal is warranted at this juncture based on plaintiff's failure to comply with court orders and failure to prosecute the action.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46

F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal. Plaintiff's failure to respond to at least two court orders (the order to provide initial disclosures and the order to respond to defendant's pending motions), failure to respond to written discovery, failure to cooperate with the scheduling of his deposition, and failure to respond to numerous communications from defendant's counsel strongly suggest that plaintiff is not interested in seriously prosecuting the action, or at least does not take his obligations to the court and the opposing party seriously. Indeed, plaintiff has not even requested an extension of time on any articulated basis, let alone shown good cause for an extension of time to comply with the court's orders or the propounded discovery.[1] Any further time spent by the court on this case will consume scarce judicial resources and take away from other active cases.

The third Ferdik factor, prejudice to a defendant, also favors dismissal. Although the December 16, 2016 discovery completion deadline is imminent, defendant has yet to obtain any initial disclosures, responses to written discovery, or deposition testimony from plaintiff, placing defendant at a significant disadvantage in defending its interests in this case.

---

[1] According to defendant's counsel, plaintiff represented in June 2016 that he was no longer living at the address on the court's docket, but at a temporary address. Defendant's counsel specifically requested plaintiff's new address and advised plaintiff of his obligation to file a notice of change of address with the court. However, plaintiff did not file a notice of change of address until October 31, 2016. (ECF No. 28.) In any event, plaintiff cannot blame his address change for his numerous failures in this case. In addition to serving its discovery requests on plaintiff by mail and Federal Express, defendant also served plaintiff by e-mail, and plaintiff specifically responded to that e-mail, reasonably indicating that plaintiff received and had notice of the discovery requests. (ECF No. 22-2.) Additionally, at least to date, none of the court's prior orders have been returned to the court as undeliverable. Moreover, even if they had been, it is plaintiff's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action. Cognizant of plaintiff's *pro se* status, the court gave plaintiff significant admonitions at the pretrial scheduling conference regarding the need to diligently prosecute the case, communicate with defendant's counsel, and comply with court orders and deadlines. The court also instructed plaintiff as to where he could obtain a copy of the court's Local Rules. Furthermore, upon the filing of defendant's motions, the court *sua sponte* granted plaintiff additional time to respond to the motions and clearly warned plaintiff about the potential consequences for failure to respond to the pending motions. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement"). Additionally, the court finds no suitable alternative to recommending dismissal of the action. Because plaintiff is proceeding *in forma pauperis*, with virtually no cash in his bank account and no significant assets (ECF No. 2), it is highly unlikely that plaintiff would be able to pay any significant monetary sanctions. Also, based on the limited record before the court at this stage of the proceedings, the court cannot properly fashion any issue or evidentiary sanctions.

The court recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits. However, the fourth Ferdik factor is outweighed by the other Ferdik factors. Were this a case where a *pro se* litigant inadvertently violated procedural rules, but otherwise made a good faith effort to comply and move the case forward, the court would be inclined to provide greater leniency. However, in this case, plaintiff entirely abandoned his obligations to opposing counsel and the court for several months, without any communication. Even a person untrained in the law could foresee the consequences of such conduct.

Therefore, after carefully evaluating and weighing the Ferdik factors, the court concludes that dismissal is appropriate.

Accordingly, IT IS HEREBY ORDERED that the hearing on the motion to dismiss set for December 1, 2016, is hereby VACATED;

////

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss the action (ECF No. 26) be granted.
2. The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
3. Defendant's alternative motions to compel (ECF Nos. 22-25) be denied without prejudice as moot.
4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  November 21, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE